UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FULL SAIL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:08-CV-0446-G |
| DAUBEN, INC. d/b/a TEXAS ) | |
| INTERNATIONAL PROPERTY ) | **ECF** |
| ASSOCIATES, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant, Dauben, Inc. ("Dauben"), to dismiss the complaint of the plaintiff, Full Sail, Inc. ("FSI"), for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. For the reasons set forth below, the defendant's motion is denied.

I. BACKGROUND

This trademark infringement case arises out of the defendant's alleged unlawful use of the plaintiff's trade name and mark based on Dauben's registration and use of the domain name FULLSAILUNIVERSITY.COM.

FSI, founded in 1979, operates an educational institution which is currently home to more than 5,900 students from all fifty states and forty-five countries, offering thirteen degree programs on its 178-acre campus located in Winter Park, Florida. *See* Plaintiff's Original Complaint ("Complaint") ¶¶ 9-10. Since 1979, FSI has used the FULL SAIL mark in commerce in connection with its provision of educational services. *Id*. ¶ 13. Due to nationwide publicity and media attention, including that attributable to the success of FSI graduates and the reputation FSI has earned, the FULL SAIL mark has become widely recognized throughout the United States to identify FSI as the as the source of goods and services offered under the FULL SAIL mark. *Id*. ¶ 25. FSI is the owner of U.S. Registrations Nos. 2,025,339, 2,029,933, 2,036,758, 2,026,813, and 2,020,653 issued by the United States Patent and Trademark Office (USPTO) for the FULL SAIL mark, including for educational services. *Id*. ¶¶ 15-17. Additionally, FSI has five intent-to-use ("ITU") applications for the mark FULL SAIL UNIVERSITY, for various services, including educational services. *Id*. ¶¶ 18-22.

The plaintiff alleges that the defendant's registration and use of the FULLSAILUNIVERSITY.COM domain, without the plaintiff's consent, was done in bad faith with the intent to profit from the FULL SAIL mark, and furthermore that the defendant's actions have caused and will continue to cause the plaintiff as well as consumers harm by diverting consumers from reaching FSI's website. Complaint

¶¶ 35, 40, 44.  When an internet user or consumer types the domain name FULLSAILUNIVERSITY.COM into a web browser or search engine, the user is directed to a website set up by the defendant featuring advertising with hyperlinks to other educational institutions, including FSI.  *Id*. ¶ 37.  The plaintiff claims that potential consumers looking for FSI online are misdirected to the infringing FULLSAILUNIVERSITY.COM website and reach it by mistake.  *Id*. ¶¶ 40-42.  The plaintiff alleges that FSI loses the opportunity to interact with consumers while the defendant profits from Full Sail's name and reputation by using a name intended to cause confusion.  *Id*. ¶¶ 40, 44.

The defendant has moved to dismiss the case for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6).  *See generally* Defendant's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim and Brief in Support Thereof ("Motion to Dismiss").

## II.  ANALYSIS

### A.  Standard for Rule 12(b)(1) Motion to Dismiss

Rule 12(b)(1) of the Federal Rules of Civil Procedures authorizes the dismissal of a case for lack of jurisdiction over the subject matter.  *See* FED. R. CIV. P. 12(b)(1).  A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because "the court must

find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); see also *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (citation and internal quotation marks omitted). On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *MD Physicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied*, 506 U.S. 861 (1992). In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson*, 645 F.2d at 413). A party who believes jurisdiction is lacking may challenge the court's authority to decide the case by filing a motion to dismiss pursuant to Rule 12(b)(1). Once jurisdiction is challenged, the burden rests upon the party seeking to invoke the court's jurisdiction to prove that jurisdiction is proper. *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 516 U.S. 1071 (1996).

*Jurisdiction under the Lanham Act*

The plaintiff asserts that jurisdiction is proper under Federal trademark law, specifically 15 U.S.C. §§ 1114, 1125(a), 1125(c), and 1125(d) (the "Lanham Act").[1] *See* Plaintiff's Opposition to Dauben Inc's Motion to Dismiss Complaint for Lack of Jurisdiction and Failure to State a Claim and Brief in Support ("Plaintiff's Response") at 7.

When issues of fact are central to both the jurisdictional claim and a claim based on the merits, the district court must assume jurisdiction and proceed to the merits of the case. *Montez v. Department of the Navy*, 392 F.3d 147, 150 (5th Cir. 2004); *Williamson*, 645 F.2d at 415 (stating it is more efficient to resolve the merits of the case first rather than indirectly arguing the merits in the context of jurisdiction). To determine whether federal question jurisdiction exists, the court must decide if the complaint arises under the Constitution, statutes or treaties of the federal government. 28 U.S.C. § 1331 (2000). Because determining federal question jurisdiction requires investigation into the merits of the plaintiff's complaint of trademark infringement, unfair competition, dilution, and anti-cybersquatting

---

[1] Alternatively, the plaintiff argues the court has diversity jurisdiction for Texas causes of action under 28 U.S.C. § 1338(b) or 28 U.S.C. § 1367(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *see* Plaintiff's Response at 7, 10. However, because the court assumes jurisdiction under the Lanham Act, it need not reach the issue of diversity of citizenship.

provisions under the Lanham Act, the court must bypass the jurisdictional issue and decide whether Full Sail has stated a claim upon which relief can be granted. See *Dell, Inc. v. This Old Store, Inc.*, 2007 WL 2903845 (S.D. Tex. Oct. 3, 2007) at *1-2 (assuming subject matter jurisdiction in trademark dispute to decide the pending motion to dismiss for failure to state a claim). Therefore, the defendant's motion to dismiss for lack of subject matter jurisdiction is denied.

### B. Standard for Rule 12(b)(6) Motion to Dismiss

"To survive a Rule 12(b)(6) motion, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1974 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S.Ct. at 1964-65 (citations, quotations marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Katrina Canal*, 495 F.3d at 205 (internal quotation marks omitted) (quoting *Bell Atlantic*, 127 S.Ct. at 1965). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.*

(internal quotation marks omitted) (quoting *Martin K. Eby Construction Company v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

### 1. Trademark Infringement Claim, 15 U.S.C. § 1114

To prevail on a claim of trademark infringement under the Lanham Act, the plaintiff must prove that (1) it is the owner of a valid and protectable or registerable mark and (2) that the defendant's use of the mark creates a likelihood of confusion. *Paulsson Geophysical Services, Inc. v. Sigmar*, __ F.3d __, 2008 WL 2152671 (5th Cir. May 23, 2008) at *6. Additionally, the plaintiff must prove that the defendant used the plaintiff's mark "in commerce." *See* 15 U.S.C. § 1114(1); *Software Publishers Association v. Scott & Scott, LLP*, 2007 WL 92391 (N.D. Tex. Jan. 11, 2007) at *7.

The basis for the defendant's 12(b)(6) motion is similar to its 12(b)(1) argument: the plaintiff had not registered the FULL SAIL UNIVERSITY mark, but merely filed an ITU application, which does not result in a vested property right that could be infringed upon. Motion to Dismiss ¶ 15. The defendant urges that its prior use of the FULLSAILUNIVERSITY.COM mark gives it priority over FSI's later-filed FULL SAIL UNIVERSITY ITU applications. See *id*. ¶¶ 14-16. The defendant relies on *Menashe v. V Secret Catalogue, Inc.*, 409 F.Supp.2d 412 (S.D. N.Y. 2006), to support its position. *See* Motion to Dismiss ¶ 16. In *Menashe*, an ITU applicant lost to a prior user despite the prior user not having a trademark application pending. Here, however, the defendant misses the point; Full Sail alleges infringement of its

established, registered trademark for FULL SAIL; that Full Sail had an intent-to-use application for the mark FULL SAIL UNIVERSITY, and planned on developing its mark in the future does not insulate the defendant from Full Sail's claims. The defendant dismisses the assertion that FSI's registered FULL SAIL mark supports a claim, instead arguing FSI may not "lay claim to every usage that might incorporate its phrase." *Id*. ¶ 13.

These arguments are unpersuasive. It is not necessary that the marks in question be identical to support a claim under the Lanham Act; likelihood of confusing the two is the key issue.[2] The plaintiff holds the registration for the phrase "Full Sail" for "educational services," among other classes of usage not in question here. Complaint ¶ 15. It is not a stretch for the court to envision a likelihood of confusion among consumers between the defendant's FULLSAILUNIVERSITY.COM website, which contains the plaintiff's mark, and the plaintiff's mark as it relates to educational services, and that is sufficient for the claim to survive at the 12(b)(6)

---

[2] See *Vulcan Golf, LLC v. Google Inc.*, __ F. Supp.2d __, 2008 WL 818346 (N.D. Ill. Mar. 20, 2008) (denying motion to dismiss where plaintiff claimed use of "wwwVulcanGolf.com" infringed "VULCAN" mark for use in connection with golf clubs); *Audi AG v. D'Amato*, 469 F.3d 534 (6th Cir. 2006) (affirming district court's ruling that "AUDISPORT.COM" website containing hyperlinks to goods infringed "Audi Sport" mark in connection with advertising of goods).

stage.[3] Furthermore, the plaintiff has adequately alleged that the defendant has used the mark "in commerce." Complaint ¶¶ 27, 29, 44. The court therefore finds that the plaintiff has stated a claim for trademark infringement pursuant to 15 U.S.C. § 1114(1).

### 2. Unfair Competition Claim, 15 U.S.C. § 1125(a)

Because the allegations regarding trademark infringement are sufficient to survive the motion to dismiss, so too is the unfair competition claim. As a general rule, the same facts that support a trademark infringement claim also support a claim for unfair competition. *Software Publishers Association*, 2007 WL 92391 at *8 (citing *Marathon Manufacturing Company v. Enerlite Products Corporation*, 767 F.2d 214, 217 (5th Cir. 1985)).

### 3. Federal Dilution Claim, 15 U.S.C. § 1125(c)

To recover under the federal anti-dilution statute, the plaintiff must demonstrate that: (1) its mark is famous or distinctive; (2) the defendant adopted its mark after the mark became famous or distinctive; and (3) the defendant caused dilution of the plaintiff's mark. *Software Publishers Association*, 2007 WL 92391 at *8 (citing *Westchester Media v. PRL USA Holdings, Inc.*, 214 F.3d 658, 670 (5th Cir.

---

[3] Though both sides present arguments concerning the likelihood of confusion, evaluating such arguments would be premature; such a factual determination is "inappropriate at the motion to dismiss stage." *Vulcan Golf, LLC*, 2008 WL 818346 at *6.

2000)). FSI's claim of mark dilution properly alleges each of these three elements. Complaint ¶¶ 25, 35, 44. Additionally, registration is *prima facie* proof that registered mark is distinctive. *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 567 (5th Cir. 2005), *cert. denied*, 547 U.S. 1055 (2006). Therefore, the motion to dismiss the plaintiff's dilution claim must be denied.

### 4. Cybersquatting Claim, 15 U.S.C. § 1125(d)

To prevail on a claim of cybersquatting under 15 U.S.C. § 1125(d), the plaintiff must prove: (1) that its mark is distinctive; (2) that the defendant registers or uses a domain name that is "identical or confusingly similar to that mark"; and (3) that the defendant "has a bad faith intent to profit from the mark." 15 U.S.C. § 1125(d)(1)(A); see also *Software Publishers Association*, 2007 WL 92391 at *7. In its complaint, FSI alleges that its mark is widely recognized, distinctive, and registered with the USPTO for educational services, and that the defendant registered and used the domain name in question which uses the FULL SAIL mark, that the domain name confuses unwitting consumers, and that the defendants registered and used the domain name with bad faith intent to profit from FSI's mark. Complaint ¶¶ 1, 15, 25. Therefore, if the plaintiff were to prove all the facts alleged in its complaint, it will prevail under 15 U.S.C. § 1125(d), and as a result the defendant's motion to dismiss the plaintiff's claim for cybersquatting is denied.

5. State Law Claims

Finally, the plaintiff asserts state law causes of action for trademark infringement, unfair competition, and injury to business reputation. The elements of a state law claim for trademark infringement and unfair competition are the same as under federal law, and therefore the court finds the plaintiff has adequately alleged these two claims. See *Dell, Inc. v. This Old Store, Inc.*, 2007 WL 2903845 (S.D. Tex. October 3, 2007) at *5.

Section 16.29 of the Texas Business and Commerce Code provides that a "person may bring an action to enjoin an act likely to injure a business reputation or to dilute the distinctive quality of a [trademark or trade name], regardless of whether there is competition between the parties or confusion as to the source of goods or services." TEX. BUS. & COM. CODE § 16.29 (2007). Full Sail alleges that Dauben is engaging in conduct "likely to injure Full Sail's reputation or dilute the distinctive quality of the Full Sail Marks." *See* Complaint ¶ 58. The plaintiff has again sufficiently pled its cause of action, and the defendant's motion to dismiss is denied.[4]

---

[4] The defendant's only argument for dismissing the plaintiff's state law claims is that the plaintiff failed to use the mark FULL SAIL UNIVERSITY in commerce; this argument fails, as explained in Part II(B)(1).

## III. CONCLUSION

For the reasons stated above, the motion of the defendant Dauben, Inc., to dismiss the claims of the plaintiff under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure is **DENIED**.

**SO ORDERED**.

June 17, 2008.

_____
**A. JOE FISH**
**Senior United States District Judge**